IGNATZ PUSAKOWSKI, appellant,

*v.*

WOODWARD LUMBER AND SUPPLY COMPANY, respondent.

[Decided July 13th, 1917.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, who filed the following opinion:

It seems to me that the order to show cause and the *ad interim* restraint in this cause should be set aside. I am not at all satisfied that the entire questions involved in the case and now presented by the bill were not settled by the order made by Vice-Chancellor Stevenson, and, further, that the decision of Judge Tennant on the application made in the law court to have the judgment satisfied was not conclusive; but, aside from this, it does not appear from the proofs before me that the complainant is entitled to relief in this court. Pusakowski does not allege that he had an equitable defence of which he could not avail himself at law. By his bill it appears that all the stock notices were served on him prior to November 24th, 1908, the

date on which original process was issued by the Woodward company in the district court. He submitted himself to the jurisdiction of the law court, defending the action therein. He was fully cognizant of the fact that parties had made claims against any moneys he had belonging to Rudolph growing out of this transaction. I cannot agree with your contention that the defendant waived any right by accepting out of the moneys in the court of chancery payment on account of its judgment. It was the Woodward company's material that helped to produce the fund, and it is entitled to have so much of it as it had a lien upon, applied upon account of the amount due on its judgment. It was for the benefit of Pusakowski that the defendant be permitted to accept part of the fund in payment of its judgment. If it had not done so, then the money paid to the Woodward company would have been ordered paid to the other claimants.

There does not appear to be force in the suggestion that, because the defendant set up in its statement filed in the bill of interpleader the notice served by it as a ground for claiming part of the fund, it thereby waived its right to proceed with its execution for the balance thereof.

The answer, somewhat conclusive, to this claim is, that the defendant not only set up the notice it served to entitle it to part of said fund, but also set up its judgment.

The Woodward company, in the statement filed by it in the eighth paragraph, claims to be entitled to part of this by reason of the service of the notice, &c.; and in the ninth paragraph claims to be entitled to said fund by reason of its judgment.

The Woodward company did not voluntarily go into the court of chancery. It was proceeding upon its judgment by issuing execution thereon, and levying on the property of the complainant, when it was restrained by this court until the rights and priorities of the parties to the fund in the court were determined.

Upon this determination it appeared that the balance of the fund, after the payment of the laborers (Vice-Chancellor Stevenson having adjudged that the laborers under the amendment

of the Lien act had a prior lien upon the said fund from the Woodward company), went to the Woodward company.

An order was then made by the vice-chancellor dissolving the injunction restraining the defendant from proceeding on its execution.

This gives a clear indication of what his views were about the situation.

Further, it appears to me that the contention of the defendant's solicitor that the injunction could not issue until the complainant had given satisfactory security to pay the judgment must be upheld.

The statutory provision regarding this is as follows:

"No injunction shall issue to stay proceedings at law in any personal action, after verdict or judgment, on the application of the defendant in the said proceedings at law, unless a sum of money equal to the amount due at the time of such deposit upon said verdict or judgment, with costs, shall be first deposited with the clerk of the court by the applicant for said injunction; and, on notice, said applicant shall give equal security by bond, as the chancellor shall deem good, to the party or parties at law against whom such judgment is prayed, in double the amount then due on said verdict and judgment of the cause at law, with the condition to abide such order and decree as the chancellor shall make in the premises; or if the bill be dismissed, to pay the amount of such verdict and judgment, with costs, with interest thereon."

In the case of *Morris Canal and Banking Co.* v. *Bartlett, Ayres & McFarland, 3 N. J. Eq. 9,* which was a bill for interpleader and for injunction, it was held that the statute applies as well to a bill of interpleader where an injunction is prayed for as to other cases.

*Messrs. Hershenstein & Finnerty,* for the appellant.

*Messrs. Benny & Cruden,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below by Vice-Chancellor Lewis.

*For affirmance*—GARRISON, SWAYZE, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, TAYLOR, GARDNER—11.

*For reversal*—None.