## NICHOLA BRUNETTI

### v.

## ANTONIO GRANDI AND FRANCESCO CRISCITELLI et al.

[Decided May 9th, 1918.]

1. In an interpleader suit brought by the owner of property against whom a judgment had been obtained by a contractor under a filed contract for erecting a building, the attorney of the contractor is entitled to a preferred claim for his costs, disbursements and a reasonable fee for his services rendered in obtaining the judgment in preference to noticing claimants under the Mechanics' Lien act.

*89 N. J. Eq.*        Brunetti *v.* Grandi and Criscitelli.

2. Notwithstanding the service of notices under the third section of the Mechanics' Lien act, the contractor still has a cause of action either in his own right or in the right of noticing claimants, sufficient to warrant an action in a law court to recover from the owner the full amount of his claim and the attorney who prosecutes such an action has a lien upon such cause of action and judgment recovered for his compensation under *P. L. 1914 p. 410*, which is superior to the claims of the noticing claimants.

3. In mechanics' lien cases where there are several notices served and there is a question of priority or validity, or where there is a dispute as to the amount due from the owner to the contractor, the general practice is to seek relief in equity by bill of interpleader or in the nature of a bill of interpleader.

4. If the dispute be as to the amount due from the owner to the contractor the practice as to determination has not been uniform. The court may permit a suit brought by the contractor against the owner to go to judgment at law; in any event the court will permit but one suit at law to proceed.

On bill of interpleader.

*Mr. Gaetano M. Belfatto,* for the complainant.

*Messrs. Osborne & Astley,* for the defendant Rome Stone Cutting Company.

*Messrs. Stallman, Van Liew & Peck,* for the defendant Rockovan Brothers Company.

*Mr. Henry H. Dawson,* for the defendant Tomkin Brothers.

*Mr. Charles C. Giffoniello,* for the defendants Joseph Ochicone, Essex Mosaic Tile Company, West Side Iron and Steel Works.

*Mr. Carl F. Hinrichsen,* for the defendant Cook & Genung.

*Messrs. Kessler & Kessler,* for the defendants East Side Moulding and Lumber Company, Herman Mass, Rising & Thorne, Max Abramson.

*Mr. Themistocles Mancusi-Ungaro, pro se.*

LANE, V. C.

This is an interpleader suit brought by the owner of property against whom there had been obtained a judgment by a contractor for the balance due him for work performed under the terms of a filed contract for the construction of a building. On January 13th, 1915, suit was brought at law by the builder against the owner. Judgment was obtained for $3,516.62. The case was taken to the supreme court and the court of errors and appeals, and the judgment was finally affirmed on the 15th day of March, 1916. Prior to the institution of suit, notices had been served under the third section of the Mechanics' Lien act (*Comp. Stat. p. 3294*) by subcontractors and materialmen. The amounts admitted to be due to the noticing claimants exceed the amount of the judgment. The claimant, Themistocles Mancusi-Ungaro, was the attorney for the contractor in the suit at law. Immediately after the entry of judgment he obtained an assignment thereof to secure his fees and disbursements, which was duly recorded. He now claims priority over the noticing claimants for his costs and disbursements and a reasonable fee for his services rendered. There is no dispute as to the validity or priority of the claims of the respective noticing claimants, nor is there any dispute as to the amount that should be allowed the attorney, if he is entitled to priority, and the only question in the case is whether or not this priority exists.

Prior to the adoption of the statute giving attorneys liens (*P. L. 1914 p. 410*), the law seems to have been that a lien of attorneys for compensation arose only after judgment recovered, or after the proceeds of a compromise or settlement had come to the actual possession of the attorney. Chancellor Magie, in *Weller* v. *Jersey City, Hoboken and Paterson Street Railroad,* 66 *N. J. Eq. 11*, citing *Terney* v. *Wilson,* 45 *N. J. Law 282*; *Phillips* v. *Mackay,* 54 *N. J. Law 319*; *Barnes* v. *Taylor,* 30 *N. J. Eq. 467*; *Middlesex Freeholders* v. *State Bank,* 38 *N. J. Eq. 36.* After the entry of judgment or decree, the defendant after notice of a claim of lien might not pay the amount due without making himself liable for the amount due the attorney for services and disbursements. *Barnes* .v. *Taylor,* 30

*N. J. Eq. 467.* Nor could the client substitute an attorney where there was a fund within the control of the court without satisfying the attorney's lien. *Hudson Trust and Savings Institution* v. *Carr-Curran Paper Mills, 44 Atl. Rep. 638.* The statute (*P. L. 1914 p. 410*) provides that

"After the service of a summons and complaint in any action at law * * * the attorney, solicitor or counsellor at law who shall appear in said cause for such party instituting the action at law, or suit * * * shall have a lien for compensation, upon his client's cause of action * * * which shall contain (*sic*) and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come."

The contention of the noticing claimants is that at the time of the service of summons the contractor had no cause of action upon which an attorney's lien could attach, because the notices served theretofore had operated as assignments *pro tanto* of the moneys due from the owner to the contractor to the extent necessary to pay the claims. It has been held that notices served under the third section do operate as assignments *pro tanto.* *Wightman* v. *Brenner, 26 N. J. Eq. 489; Kirtland* v. *Moore, 40 N. J. Eq. 106; Kreutz* v. *Cramer, 64 N. J. Eq. 648.* An action at law will lie by a noticing claimant against the owner. *Craig* v. *Smith, 37 N. J. Law 549; Wightman* v. *Brenner, supra; Reeve* v. *Elmendorf, 38 N. J. Law 125.* In such an action it is, however, necessary for the plaintiff to prove that there is a sum due from the owner to the contractor. Such an action will not lie until the amount is due under all of the terms of the contract. *Booth* v. *Kiefer, 47 Atl. Rep. 12.* Where there are several notices served and there is a question of priority or validity, or where there is a dispute as to the amount due from the owner to the contractor the general practice is to seek relief in a court of equity on bill of interpleader or in the nature of a bill of interpleader. *Superintendent, &c.,* v. *Heath, 15 N. J. Eq. 22; Aleck* v. *Jackson, 49 N. J. Eq. 507; English* v. *Warren, 65 N. J. Eq. 30; Kirtland* v. *Moore, supra; Hall* v. *Baldwin, 45 N. J. Eq. 858.* The danger to which the owner may subject himself by permitting suits brought by stop-noticing claimants to go against him before seeking relief in a court of equity by a bill

of interpleader, or in the nature of a bill of interpleader, is well illustrated by the case of *Prusakowski* v. *Woodward Lumber and Supply Co., 103 Atl. Rep. 194.* Where the dispute is as to the amount due from the owner to the contractor the practice as to the method of determination has not been uniform. In *Aleck* v. *Jackson,* the contractor was permitted to proceed with his suit against the owner to final judgment. In that case it appeared that the amount admitted to be due by the owner to the contractor was less than the aggregate of the amounts claimed by the noticing claimants. Although the term "assignment *pro tanto*" has been applied to the effect of these notices, the served notices have not all the qualities of assignments, for the owner cannot, in an action brought by the contractor against him, claim credit for the amount claimed by any of the notices unless he shall have in fact paid the amount claimed to be due. *Wightman* v. *Brenner, supra.* Notwithstanding, therefore, the service of notices, the contractor retains either in his own right, or in the right of the noticing claimants, a sufficient cause of action to warrant a judgment in a law court for the full amount due from the owner under the contract. It seems to me that the holdings that the effect of the service of notice is to assign *pro tanto,* and that the owner has no right to credit until payment, and that the contractor may recover after the service of notice from the owner the full amount due on his claim, must necessarily result in the holding that when the contractor brings his suit against the owner he represents the claims of the noticing claimants and their causes of action. Where there is a dispute, as in this case, between the contractor and owner, it is necessary that the amount due should be fixed and determined and an approved practice is to permit the contractor to proceed to judgment. *Aleck* v. *Jackson, supra.* A court of equity upon bill of interpleader, or in the nature of a bill of interpleader, will not permit more than one suit to be brought for the purpose of establishing the amount due.

In the case at bar, the noticing claimants brought no suit against the owner. They had knowledge of the suit of the contractor. By silence, at least, they acquiesced in his prosecuting the suit to judgment. The fund in court represents the pro-

ceeds of that suit, and its existence is due to the labors of the attorney.

I conclude, therefore, that the contractor had a cause of action within the meaning of the statute of 1914, either in his own right or in the right of the stop-noticing claimants, and if in their right, then that he acted as their agent by force of the statute, and that the amount due to the attorney constitutes a lien upon the cause of action and is entitled to be first satisfied.

This case was rather informally tried. No testimony was taken. Upon the hearing the amount, validity and priority of the respective claims were agreed to, in open court. The amount due to the attorney if he had a lien was agreed to. My recollection is that it was also agreed that the stop-noticing claimants had notice of the bringing of the suit by the contractor, and that none of them brought suits upon their stop-notices. If there is any question but that the facts above stated are correct, then testimony must be taken to establish them before the signing of a final decree. If the case goes up without the taking of further testimony, it must go up with the facts in these conclusions admitted.

Settle decree on two days' notice.