Defendant moves to strike the bill for want of equity. The bill discloses that the complainant has in his hands $1,008.76 due from him to a contractor for the erection of a building, under written contract, duly filed; that on December 22d 1924, the Bowden company served on him a notice, in the nature of a stop-notice, for $492.49, for materials and labor; that on February 16th, 1924, defendant Brill served a like notice for $482.44; that thereafter other materialmen and laborers served stop-notices; that the stop-notices total $2,452.93; that Brill recovered a judgment against him July 11th, 1925, in the first district court of Newark, for the amount of his stop-notice, and that he threatens to collect it; that he is unable to determine which of the claimants to pay, and offers to pay the money into court, and he prays that the claimants interplead, and that Brill be enjoined from executing his judgment.
The bill is defective in that it does not allege that the stop-notices recite a demand upon the contractor and his refusal to pay, but no point is made of that.
It is not a ground for interpleading claimants to a fund, that the possessor is unable to determine to which of them he should pay it. He must allege facts showing a conflict of claims, causing reasonable doubt. This the bill does not disclose, except incidentally. In setting up the stop-notices it is alleged that they are for moneys due for material and labor furnished by the claimants to the contractor. There is no apportionment of the amounts due for labor and what for materials. As labor is entitled to preferential payment (Comp. Stat. p. 3298), that may be the cause of confusion; but no point is made of that either.
Under the third section of the Mechanics' Lien law stop-notices operate as assignments to the claimants pro tanto of the moneys due from the owner to the contractor. They are payable in the order of priority of service, not pro rata. Association v.Williams, 59 N.J. Eq. 617. Recovery must be had at law.Commonwealth Roofing Co. v. Riccio, 81 N.J. Eq. 486. All available defenses must be made there. The *Page 72 
judgment is general against the owner, and res judicata.Pusakowski v. Woodward Co., 87 N.J. Eq. 665. That there are no funds, or that they were perempted by prior stop-notices, or that there was nothing due the claimants, or that they failed to comply with the statutory requirements, or any other matter that would defeat the stop-notices as an assignment, are pleadable. The complainant has had his day in court. He cannot have a retrial in this court by forcing Brill to interplead. That would be the effect of a decree to interplead, for Brill again would be compelled to defend his stop-notice against objections that were available to the complainant in the law suit, and which by his bill he invites Brill's co-claimants to make. Motion granted.