30 N.J. Super. 130 (1954)
103 A.2d 648
UNION BUILDING & INVESTMENT CO., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF,
v.
FOREST HILL APARTMENTS, INC., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT, UNITED STATES OF AMERICA, INTERVENER.
Superior Court of New Jersey, Law Division.
Decided March 10, 1954.
*131 Messrs. Corbin & Corbin, attorneys for plaintiff (Mr. Allan A. Maki, of counsel).
*132 Mr. Emanuel N. Silberner, attorney for defendant.
Mr. William F. Tompkins, United States Attorney, for intervener (Mr. Charles H. Hoens, Jr., of counsel).
DAVIDSON, J.S.C.
This is plaintiff's motion for summary judgment on the issue of liability under R.R. 4:58-3, the amount of damages being reserved for trial, and arises out of a statutory lien claim action instituted by the materialman of a subcontractor under N.J.S. 2A:44-75 et seq.
There is no dispute of fact, it appearing that on December 22, 1950 the defendant Forest Hill Apartments, Inc., as owner, and Doral Construction Corp., as contractor, entered into a written agreement under the terms of which the contractor agreed to erect certain apartment house units on premises of the owner on Victor Place and Davey Street, in the Town of Bloomfield, Essex County, New Jersey, also known as F.H.A. Project No. 031-42179, pursuant to the contract and specifications annexed thereto, which were duly filed in the office of the Essex County Clerk as No. 10 on January 5, 1951; that plaintiff furnished concrete, stone and allied materials to William Macchio, a subcontractor of Doral Construction Corp., at his request, for which materials Macchio agreed to pay the sum of $4,466.35; that plaintiff furnished the materials which were used in the construction, and in accordance with the terms of the general contract and delivered at the site of the work; on November 20, 1951, plaintiff filed a stop notice in the office of the Essex County Clerk, and duly served a copy thereof upon defendant, Forest Hill Apartments, Inc., and Doral Construction Corp. by registered mail, return receipt requested, on November 21, 1951; no notice of dispute was served upon plaintiff and there was due and owing to the contractor from the owner-defendant more than $4,466.35 at the time of the filing of the stop notice.
By leave of court the United States of America was granted leave to intervene and filed a complaint on October 17, 1953, charging that the United States Commissioner of Internal *133 Revenue had assessed withholding and federal unemployment taxes against William Macchio, the subcontractor, in the sum of $52,939.06, notice of levy, together with a warrant for distraint and notice of tax lien being served upon Forest Hill Apartments, Inc. and Carroll Management Corp. by the District Director of Internal Revenue at Newark, New Jersey, on April 17, 1953, demanding that the funds in its hands belonging to William Macchio be turned over to the United States, and on June 5, 1953 the said District Director filed in the office of the Register of Deeds of Essex County a notice of lien claimed by the United States upon all the property and rights belonging to Macchio.
Plaintiff contends that defendant is liable for the entire amount of the indebtedness (which is $4,466.35 in the present case, and $11,294.27 in a companion case brought by the Union Building & Construction Corp. involving the same state of facts), charging a violation of N.J.S. 2A:44-85 by reason of payments to the contractor by the owner after receipt of the stop notice, and disputes the Government's claim to priority of its tax lien. Neither defendant owner nor the contractor made any payments to the subcontractor, Macchio, after receipt of the stop notice, and as the amount due him at that time under the terms of the filed contract, and retained by the owner, was $9,015.32, determination of the question of priority must be dispositive of the case.
Title 26, United States Code, section 3670 reads as follows:
"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, penalty, additional amount, or addition to such tax, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person."
Title 26, United States Code, section 3671 reads as follows:
"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time."
*134 Title 26, United States Code, section 3672 reads in part as follows:
"Invalidity of lien without notice. Such lien shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector 
Under State or Territorial Laws. In the office in which the filing of such notice is authorized by the law of the State or Territory in which the property subject to the lien is situated, whenever the State or Territory has by law authorized the filing of such notice in an office within the State or Territory * * *."
These three sections, generally, provide for the creation of a lien in favor of the United States upon property of a person who neglects to pay a tax, and there is the additional provision that the lien arises at a time when the assessment list is received by the Collector and continues until satisfaction. The last section provides that the lien shall be invalid in certain instances, viz., as against a mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the Collector.
The issue, therefore, is whether plaintiff, a stop notice creditor, can be called a "mortgagee, pledgee, purchaser, or judgment creditor" within the meaning of section 3672 of U.S.C.A., Title 26, in order that the lien be invalid against it.
"The statute [referring to the sections cited above] excludes from the provisions of this secret lien those types of interests which it specifically included in the statute and no others." United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 115, 95 L.Ed. 53 (1950).
A stop notice operates as an assignment pro tanto of the money due the contractor, and any matter that would defeat the stop notice as an assignment, is pleadable. De Masi v. F.W. Bowden Co., 99 N.J. Eq. 70 (Ch. 1926); Brunetti v. Grandi and Criscitelli, 89 N.J. Eq. 116 (Ch. 1918); Anderson v. Huff, 49 N.J. Eq. 349 (Ch. 1892).
It was held in Citizens State Bank of Barstow, Texas v. Vidal, 114 F.2d 380 (C.C.A. 10 1940), that the lien of *135 the United States under the sections above cited was prior to that of a written assignment  an assignment by operation of law can hardly give plaintiff a greater right than it would have had, had it taken a written assignment from Macchio.
The filing of a stop notice, while acting as an assignment of a claim or a portion of a claim, does not operate as a lien upon the funds in the hands of the owner until there has been an action instituted and a recovery against the owner and builder. United States v. Security Trust & Savings Bank, supra.
Plaintiff had not reduced its claim to judgment prior to the attachment of the federal lien, nor has it since, and it is not a mortgagee, pledgee, purchaser, or judgment creditor under section 3672, against whom the lien is invalid without notice. The lien of the United States must, therefore, prevail over the claim of the plaintiff as a stop notice creditor, and this same ruling would apply to the companion case instituted by Union Building & Construction Corp. against the defendant.
While the equities are all in favor of plaintiff  for the material furnished by it and unpaid for by Macchio actually created the fund upon which the Government has levied  I am reluctantly forced to the conclusion that plaintiff's motion must be denied.