ANTONETTA CICALESE and PASQUALE CICALESE

*v.*

GAETANO FORTUNATO et al.

[Submitted November 24th, 1920.   Decided December 16th, 1920.]

1. An attorney recovering a judgment is entitled to the taxed costs as well as to be compensated for his services under *P. L. 1914 p. 410.*

2. On a bill of interpleader relating to the disposition of the proceeds of a judgment, this court may determine the amount of compensation due the attorney who obtained the judgment.

3. A stop-notice of a materialman under section 3 of the Mechanics' Lien act is defective if it does not state a demand upon the builder and his refusal to pay.

On bill, &c.

*Mr. Gaetano M. Belfatto,* for the complainants.

*Mr. Nathan H. Berger, Mr. Henry H. Fryling, Mr. G. Berineri, Mr. Joseph J. Pallitta, Messrs. Schwartz & Schwartz* and *Mr. James Mango,* for the defendants.

BACKES, V. C.

Gaetano Fortunato recovered a judgment in the Essex circuit court for $1,439.02 and costs, the balance due him on a contract for the erection of a building for the complainant Cicalese. He has paid the amount of the judgment into this court, and the struggle for it is between the attorney of Fortunato, for his compensation for services rendered in recovering the judgment, materialmen who filed stop-notices under the third section of the Mechanics' Lien act (*Comp. Stat. p. 3294*) and a judgment creditor of Fortunato, the builder, under supplementary proceedings in aid of execution. *Comp. Stat. p. 2249.* The bill purports to be one of interpleader, but it is not. However, as all

the parties have treated it as an interpleader, I will not raise the question at this stage, but will decide the questions presented as though the proceedings were in proper form. If it should become necessary in the future to require a strict adherence to correct procedure, I will direct that the bill be amended as to the prayer, and enter a formal decree of interpleader, as was the course suggested in *Willison* v. *Salmon, 45 N. J. Eq. 257.*

The first question is whether the attorney who recovered the judgment, the fruits of which I am called upon to dispose of, is entitled to be compensated. The cause was litigated before a jury in the circuit court, and on appeal in the supreme court and court of errors and appeals. The taxed costs in the three courts form part of the fund paid into this court. The attorney, of course, is entitled to the costs. *Phillips* v. *MacKay, 54 N. J. Law 319.* He is also entitled to be compensated for his services under chapter 201, laws of 1914 (*P. L. 1914 p. 410*), which gives attorneys "a lien for compensation, upon his client's cause of action, suit, claim or counter-claim."

The statute says that the amount of compensation is to be determined by the court in which the judgment is recovered. On interpleader, I think, this court may fix the amount. I will allow $400 and the taxed costs, which will be first paid out of the fund to Mr. Pallitta, the attorney.

Three of the four stop-notices filed before the issuing of the execution on the judgment recovered by Frederick Schill & Company against the builder, are in compliance with the third section of the Mechanics' Lien act, and are entitled to be next paid in the order of their service—Belmont Cornice and Skylight Works, $30; Frederick Schill & Company, $121, and Cook & Genung Company, $402.47. The stop-notice of the Essex Mosaic Tile Company is defective, in that it fails to state a demand upon the builder for payment and his refusal. *Donnelly* v. *Johnes, 58 N. J. Eq. 442.* The claim will be disallowed.

Frederick Schill & Company recovered a judgment against the builder in the Essex circuit court May 29th, 1918, for $1,439.02, and on the same day issued an execution. On June 7th, 1918, upon petition to that court, an order for discovery in

supplementary proceedings issued, which included a restraint upon the judgment debtor from collecting or disposing of the fund in this suit. The question is whether the balance of the fund belongs to the judgment creditor or to the materialmen who filed stop-notices after the execution issued. I am of opinion that it must be paid to the judgment creditor, and for this reason: At the time the stop-notices were filed the contract price was past due and payable. It was then at the disposal of the builder and subject to attachment by legal process. Failing to file their stop-notices before the last payment became due the materialmen lost their inchoate lien given by the fifth section of the Mechanics' Lien act. *Slingerland* v. *Binns, 56 N. J. Eq. 413.* Their stop-notices operated only from the time of service, and then only upon the amount in the owners' hands payable to the builder. *Adams* v. *Wells, 64 N. J. Eq. 211; Taylor* v. *Reed, 68 N. J. Law 178.* At that time there was nothing payable to the builder. It was then attached in the supplementary proceeding and payable to a receiver to be thereafter appointed. Under the statute it vested in the receiver as of the time of the issuing of the execution. *Coleman* v. *Roff, 45 N. J. Law 7; Seyfried* v. *Stoll, 56 N. J. Eq. 187.* No receiver has as yet been appointed. The judgment creditors erroneously thought themselves enjoined from having one appointed by the injunction in this suit. There is still time to have the appointment made. That would be purely perfunctory. If a point is to be made of the absence of a receiver, I will suspend the decree until the chaotic condition of the pleadings and procedure in this suit is cleared up. Otherwise, a decree may be entered discharging the complainants and awarding the fund in the manner indicated.