The State Highway Commission of New Jersey paid into court the sum of $5,000, payment for lands of Peter T. Bush, deceased, condemned for public use by the state. The money was paid into court pursuant to P.L. 1912 ch. 31 § 2, which section provides: "In case several parties being interested in the fund shall not agree as to the distribution thereof * * * on petition to the chancellor, to which shall be annexed a copy of the rule for judgment, the amount of said judgment shall be paid into the court of chancery, * * * and shall there be distributed according to law, on the application of any person interested therein."
The exceptants represented the owners in said condemnation proceedings resulting in the verdict aforesaid. The commission awarded $3,500 from which award an appeal was taken by the owners. Later settlement was made in the sum of $5,000, and a formal verdict was taken and judgment entered.
Charles F. Bush, a life tenant, filed a petition in this court for the distribution of the fund and the matter was referred to a master to ascertain the facts and report thereon.
At the hearing before the master the exceptants appeared and established their respective claims for services in the condemnation proceedings. Stickle claimed to have rendered service for which he charged $150 and further asked for actual disbursements amounting to $177.57, the total being $327.57. Scerbo claimed as a reasonable charge for his services $250.
Testimony was offered as to the reasonableness of the services and disbursements by both exceptants. The master reports that neither Stickle nor Scerbo are entitled to be *Page 87 
paid out of the fund since the appeal was in the Morris circuit court, while this proceeding is in chancery, and therefore the act does not apply.
P.L. 1914 ch. 201 p. 410, it is true, provides: "The court in which such action, suit or other proceeding is pending, upon the petition of the attorney, solicitor or counselor-at-law, may determine and enforce the lien." It further provides that the attorney "shall have a lien for compensation, upon his client's cause of action * * *, which shall contain and attach to a verdict * * * in his client's favor, and the proceeds thereof in whosoever hands they may come." The proceeds of the verdict are in "hands" of this court for distribution.
The compensation of counsel for services in the court in which the judgment was recovered was fixed by this court on bill of interpleader in Cicalese v. Fortunato, 92 N.J. Eq. 329. On interpleader the fund is directed to be paid to the party or parties lawfully or equitably entitled thereto. In the instant case the fund paid into court under the statute "shall there be distributed according to law, on the application of any person interested therein." No practical distinction exists between the case cited and the one at bar.
The exceptions to the master's report are sustained. *Page 88