THE STATE, EX REL. CLAUDIA LEA PHELPS, AS EXECU-
TRIX, ETC., ET AL., RELATORS, v. THE BOROUGH OF
FORT LEE, IN THE COUNTY OF BERGEN, A MUNICI-
PAL CORPORATION, ET AL., DEFENDANTS.

Decided June 22, 1937.

Before Justices BODINE and HEHER.

For the petitioner, *Warren Dixon, Jr., pro se.*

For the respondent, *Gross & Gross.*

PER CURIAM.

Mr. Warren Dixon, Jr., representing John Kenlon and
Lester C. Burdett, trustees, the holders of certain defaulted
note obligations of the borough of Fort Lee, intervened in
the above cause and successfully conducted litigation in this
court, afterward affirmed by the Court of Errors and Appeals,
whereby his clients became presently entitled to the sum of
$126,000, which sum of money has been segregated and kept
under the order of this court in certain designated deposi-
tories. After the cause had been determined in this court and
after the appeal had been argued in the Court of Errors and
Appeals, the trustees, Kenlon and Burdett, resigned and in
their place and stead, Mr. Daniel T. O'Regan was appointed
trustee by the Court of Chancery.

Mr. Dixon seeks to have impressed upon the fund in the
control of this court a lien pursuant to *Pamph. L.* 1914, *ch.*
201, *p.* 410; *Cum. Supp. Comp. Stat.* 1911-1924, *p.* 1805,

§ 116-76. Clearly, Mr. Dixon is entitled to the lien and this court, by virtue of the statute, is authorized to determine the amount thereof.

"The statute of 1914 creates a new remedy for the enforcement of an old right. The new remedy is the lien given by the statute upon the client's cause of action, suit, claim or counter-claim, and any verdict, report, decision, decree, award, judgment or final order and the proceeds thereof." *Levy* v. *Public Service Railway Co.,* 91 *N. J. L.* 183; 103 *Atl. Rep.* 171.

Mr. Justice Garrison also said in the Levy case: "The determination is necessarily based upon the nature, extent and value of such services, all of which are jury questions, especially when they arise between parties between whom the relation of attorney and client does not exist."

In this case, the determination of the extent of the lien is between attorney and client and not between the attorney and a third party who had settled the cause of action with the client. In the Court of Chancery, the extent of the lien would be determined by that court without a jury in accordance with the usual practice there pertaining. *Cicalese* v. *Fortunato,* 92 *N. J. Eq.* 329; 112 *Atl. Rep.* 508. The practice to be followed in determining the extent of the attorney's lien in an action at law was indicated by Mr. Justice Parker, for the Court of Errors and Appeals, in *Artale* v. *Columbia Insurance Co.,* 109 *N. J. L.* 463; 162 *Atl. Rep.* 585.

It is suggested, however, that the amount of compensation to be recovered by an attorney is a fact question and this court may in a *mandamus* proceeding determine the facts. However, the usual practice, where there is a fact issue in *mandamus,* is to refer the matter to the Circuit for trial before a jury. Section 9 of the Practice act of 1903 (*Pamph. L., p.* 538), is as follows: "No solicitor or attorney shall commence or maintain any action for the recovery of any fees, charges or disbursements, in equity or at law, against his client or his legal representative, until he shall have delivered to such client or his representative or left for him at his usual place of abode a copy of the taxed bill of such fees, charges and disbursements."

The above provision of law seems indicative of the legislative purpose to leave the attorney, who seeks compensation for his services, in the position of all others who seek recovery on a *quantum meruit*. The attorney has one advantage, and that is the security of the lien upon the verdict, decision, decree, award, judgment or final order in his client's favor.

Mr. Dixon, having presented his petition to the court naming the parties interested in the recovery and claiming a lien, has set the judicial machinery in motion (*Artale* v. *Columbia Insurance Co., supra*), and the issue may be framed so that the questions may be determined in accordance with the practice laid down in that case.