AARON L. SIMON, PLAINTIFF-APPELLANT, v. GLOBE INDEMNITY COMPANY, DEFENDANT-APPELLEE.

Submitted October 17, 1930—Decided April 2, 1931.

Before Justices CASE, DALY and DONGES.

For the appellant, *Aaron L. Simon, pro se.*

For the appellee, *Charles Stockdell Gray.*

PER CURIAM.

This is an appeal from the action of the judge of the District Court of Passaic in striking the plaintiff's state of de-

mand. The plaintiff brought the action in the District Court of the city of Clifton against the defendant under the provisions of the act of 1914, page 410, giving an attorney, counselor-at-law, or solicitor in chancery, a lien upon any cause of action, &c., for compensation. The suit in the Clifton District Court was dismissed. The judge stated that the court was without jurisdiction. Thereupon, plaintiff brought his suit in the Passaic District Court setting up somewhat different facts, but asserting a right to recover against the defendant insurance company because, he asserts, it settled a claim for damages brought by the clients of plaintiff against the insurance company's assured. This state of demand was struck out. It is from the judgment based on this action that the appeal is taken. The plaintiff proceeds upon the assumption that the Passaic District Court judge granted the motion upon a finding that the judgment of dismissal by the Clifton District Court is a final adjudication of the matter. This was so stated by the clerk of the Passaic court in a letter to the plaintiff. The plaintiff requests that the sufficiency of the state of demand be not passed upon and requests that the matter be disposed of as if the only question involved were the correctness of the judge's finding that the action of the Clifton court rendered the matter *res adjudicata.*

Under well-established rules the question is not whether the reasons assigned by the court below are sound, but whether the action taken is correct. The state of demand did not set out a good cause of action. Passing the question of the validity of the act, which is not in question, the remedy provided in the act of 1914 is by petition of the attorney, solicitor or counselor to the court in which the original action was brought by him. This admittedly was the Supreme Court, and inasmuch as the proceeding is purely statutory, the plaintiff being without remedy except by the provisions of the statute, he is obliged to go to the forum designated by the statute. Upon this ground the action of the Passaic District Court in striking the state of demand was correct and the judgment is affirmed, with costs.