EMANUEL ARTALE AND MAMIE ARTALE, HIS WIFE, PLAINTIFFS, v. COLUMBIA INSURANCE COMPANY, DEFENDANT.

Argued October 27, 1931—Decided November 18, 1931.

For the application, *Joseph T. Lieblich.*

*Contra, Arthur T. Vanderbilt.*

The opinion of the court was delivered by

LLOYD, J. The application under the petition filed in this case is that the court shall determine and enforce an attorney's lien for service under chapter 201 of the laws of 1914 (at *p.* 410), on a sum of money claimed to be due on a judgment recovered in an action by his clients, Emanuel and Mamie Artale, against the Columbia Insurance Company.

Notice of the application appears to have been given to counsel for the insurance company, defendant, but nowhere does it appear that a like notice was given to the plaintiffs in the action.

The act in question provides that an attorney appearing for a party in an action at law, or suit, or filing his petition, or counter-claim, "shall have a lien for compensation upon his client's cause of action, * * * which shall contain and attach to a verdict, report, decision, decree, award, judgment or final order in his client's favor, and the proceeds thereof in whosoever hands they may come; * * * The court in which such action, suit or other proceedings is pending, upon the petition of the attorney, solicitor or counselor-at-law, may determine and enforce the lien."

The construction of the act was before the Court of Errors and Appeals in the case of *Levy* v. *Public Service Railway Co.*, 91 *N. J. L.* 183. An action was there brought by an attorney at law against the Public Service Company for services to his client in an action against that company and which action had been settled between the parties. Recovery was had for a sum in excess of that paid in the settlement. This judgment was reversed by the Supreme Court and later this reversal was sustained in the Court of Errors and Appeals, though not upon the grounds relied on in the lower court. Mr. Justice Garrison, speaking for the Court of Errors and Appeals, said: "There is, however, another and more fundamental error in the judgment of the District Court in that it rests upon a summary determination of the amount of the compensation to which the plaintiff's attorney was adjudged to be entitled as the value of the services rendered by him to his client. Such determination is necessarily based upon the nature, extent and value of such services, all of which are jury questions, especially when they arise between parties between whom the relation of attorney and client does not exist. The statute may or may not give to the plaintiff's attorney a right of action against a defendant who has settled with the plaintiff, to be worked out upon the basis of his service to his client, but the language of the statute will

be searched in vain for any expression of a legislative intent that the value of such services shall be determined in a summary proceeding."

While the present petition was not personally against the defendant, it is against the fund which is alleged to be in its hands and due the plaintiffs in the action, and, under the authority just cited, it appears clear to us that the determination of the lien, its extent and value, cannot be determined in a summary way by the court; relief which it is apparent is contemplated in the prayer of the petition.

It is obvious also that the plaintiffs in the action are parties essential. The lien and its amount may be dependent not only upon the services rendered, but also upon the agreement of the parties, both questions being of concern to the plaintiffs and upon which they should be afforded opportunity to be heard.

The application must, therefore, be denied, both because the court is without power to act in a summary way under the statute, and because the plaintiffs in the original action are not made parties to these proceedings.

It appears from the petition that a bill in Chancery has been filed by the insurance company to have that court impress a mortgage purchased by it as a lien in its favor upon the judgment, and to this bill the petitioner has appeared and is defending the action, whereby it is contended by the respondent that he has submitted himself and his own claim to that court for adjudication. Whether this be so, and whether under the circumstances that court has jurisdiction to detemine the same, we express no opinion. What we do say is that this court cannot determine the alleged right without notice to the client, and that in any event it is without power to determine the rights of the parties in a summary proceeding under the act of 1914.

The prayer of the petition is therefore denied.