EMANUEL ARTALE ET UX., PLAINTIFFS (JOSEPH T. LIEBLICH, PETITIONER-APPELLANT), v. COLUMBIA INSURANCE COMPANY, RESPONDENT.

Argued May 23, 1932—Decided October 17, 1932.

For the appellant, *Joseph T. Lieblich, pro se.*

For the respondent, *Arthur T. Vanderbilt.*

The opinion of the court was delivered by

PARKER, J. The fundamental question to be decided in whether the Supreme Court erred in dismissing the petition. The opinion of that court, reported in 108 *N. J. L.* 240; 157 *Atl. Rep.* 157, holds that the application in the petition must be denied, and puts the denial on two grounds—first, that it calls for a determination of the alleged lien and its amount in a summary way, contrary to the ruling in *Levy v. Public Service Railway Co.,* 91 *N. J. L.* 183; and secondly, that the plaintiffs Artale were necessary parties to the proceeding and had not been joined therein. The rule entered upon this opinion adjudged not only that the prayer of the petition be denied, but that the petition be dismissed with costs. There was an application for reargument which was denied, and the appeal embraces that denial also, but this phase of the case we find it unnecessary to consider for reasons which will appear presently. The notice and grounds of appeal cover several other rulings, but at the argument counsel abandoned them and the appeal was limited to the dismissal of the petition and the refusal of a reargument.

The proceeding is based on the statute of 1914 (*Pamph. L., p.* 410), which is quoted in full in the Levy case, *ubi supra.* It may be well to say that the circumstances of this case as set out in the petition exhibit a situation to which the act of 1914 is applicable. Consequently we are concerned only with the sufficiency of the procedure, and not with questions of proof at a hearing.

As to the summary character of the proceeding—it is true that in the Levy case we said that apart from constitutional questions relating to trial by jury, which we did not consider, the statute itself made no provision for a summary determination of the lien, and that such a provision would not be read into it. The Levy case came up from a court of law, and perhaps the opinion should be read in the light of that fact; for the act of 1914 is applicable to courts of equity as well; and expressly provides that "the court in which such (main) action * * * is pending, upon the petition of the attorney, solicitor or counselor-at-law, may determine and enforce the lien." This language was treated as mandatory by the Supreme Court in *Simon* v. *Globe Indemnity Co.,* 9 *N. J. Mis. R.* 392; 154 *Atl. Rep.* 238. Assuming the correctness of that view, then it follows that the statutory lien of a solicitor in a Chancery suit must be ascertained and enforced in Chancery; and presumably according to the usual practice of that court, without a jury, as in *Cicalese* v. *Fortunato,* 92 *N. J. Eq.* 329. Recent cases in which Chancery has undertaken to settle the amount of a lawyer's charges without a jury, apart from the statute now under consideration, are *Raimondi* v. *Bianchi,* 100 *Id.* 448; 102 *Id.* 254; *Sinisi* v. *Milton,* 107 *Id.* 179, and *Grimm* v. *Franklin,* 102 *Id.* 198; *affirmed,* 146 *Atl. Rep.* 914. However, our present concern is with an action at law, and a claim of attorney's lien therein; so that the Levy case is altogether in point. But, accepting the requirement of trial by jury, we are unable to construe the petition as calling for an ascertainment of the lien without a jury. Paragraph 18 of the petition expressly cites the Levy case; and in it the petitioner "respectfully petitions this court" (*i. e.,* the Supreme Court, in

which the action was brought) "to determine and enforce his lien for services, which resulted in the prosecution, obtaining and entering of the judgment in favor of the plaintiff's," &c. This follows the language of the statute as quoted above; and that is enough as a matter of pleading. We find nothing in the petition to negative a jury trial; and in any event the court could readily control that feature without dismissing the petition.

The second ground of dismissal or denial as stated by the Supreme Court, in that the Artales were essential parties to the petition but were not joined as such. In *Ferraro* v. *City Hall Garage,* 94 *N. J. L.* 209, we held that no judgment against them was requisite for the enforcement of the lien, but that it could be adjudged against the defendant alone. In that case, however, defendant had settled the case directly with the plaintiff, ignoring the attorney's lien, so that plaintiff, having received his claim in full, was not directly interested in the enforcement of the lien. In the present case, where the money to be paid to the attorney, if any, goes in reduction of what plaintiffs may receive, it is manifest that the Artales should be brought into the proceeding and be heard therein if they so desire, notwithstanding that in this case it appears that they have executed under seal and delivered to the petitioner a formal assignment of their claim against the defendant (now in judgment) to the extent of $3,500 and costs and disbursements.

Nevertheless, we think that the court erred in dismissing the petition. True, that paper does not name the Artales as parties respondent, and pray specifically for a determination of the lien as against them; nor does it specifically pray that the defendant be brought in as a party. Such particularity of pleading is not required by the statute. That in itself lays down no canon of procedure further than that the first step shall be a petition, and that the court in which the original action is pending may determine and enforce the lien. Naturally the petition should be filed in that court. *Simon* v. *Globe Indemnity Co., supra.* For convenience and logical treatment it should be filed in the case, as was done in the case at bar.

Beyond this, the statute makes no provision; and so far as we are aware, no court of law or equity has spoken by general rule in the matter. It was held in the Levy case that the proceeding is not a summary one. In *Orange* v. *McGonnell*, 71 *N. J. L.* 418, the late Mr. Justice Dixon described a summary proceeding as one "without a right to trial by jury or an appeal." The matter is discussed in the argument of counsel in *Phillips* v. *Phillips*, 8 *Id.* 122, 124, quoted in 37 *Cyc.* 528. In the Levy case the right of jury trial is stressed by the court.

Regarding the proceeding as one to be conducted in all essentials according to the course of the common law, it may be noted that all parties are already in court in the main action; the plaintiffs, the defendant, and the plaintiffs' attorney claiming a lien. By the statute the right to a lien arises with the service of the summons and complaint, and consequently all parties are put upon notice that a lien may be claimed. *Ferraro* v. *City Hall Garage, supra.* Hence the petition is but a step in the cause. Interested parties are naturally entitled to notice of its filing, and of any intended application for the trial of the claim. But the presentation of a petition to the court, as here, naming the parties interested in the recovery, claiming a lien, and praying the determination thereof, is sufficient to set the judicial machinery in motion, and the court, as was done in *Levine* v. *Klure*, 2 *N. J. Mis. R.* 340, will in a proper case allow a rule directed to all interested parties, requiring them to show cause why the prayer for determination of the lien should not be granted. As a basis for such a rule, we think the petition before us was adequate, and that it should not have been dismissed.

Having reached the conclusion that the dismissal of the petition was erroneous and that the record should be remitted to the Supreme Court for further proceedings, we think that a few words on the procedure, while *obiter,* will not be out of place. Naturally the petition should be served like a complaint, with the rule to show cause, and if need be, a notice of application to the court looking toward the framing

of an issue in case statements of fact in the petition are to be controverted. It is convenient, though not essential, that the petition be answered in writing by way of confession, or denial, or conceivably confession and avoidance, payment, &c., but complication of pleading is to be deprecated. The issues are simple: Was the attorney employed? Did he perform service? Was he paid in whole or part? What was the fair value of the service? Was there an agreement for compensation, and if so, what were its terms? and so on. All these matters may conveniently be made up into an issue for trial on the return of a rule to show cause, like pleadings *ore tenus* under the ancient common law (3 *Blk. Com.* 293), and then tried by a jury, or by the court if a jury be waived, or disposed of by the court where the facts are admitted. Of course there would be a right of appeal in matters of law; otherwise this case would not be here. And probably the verdict of the jury would be under the control of the court as in other cases.

The foregoing suggestions, for they are little but suggestions, apply particularly to courts of law, leaving to the equity courts the regulation of parallel procedure therein. The essentials to be observed seem to be the right to reasonable notice of the claim and an opportunity to contest it; the right, in a law court, to a jury trial controlled by the trial court, and the right of appeal in matters of law.

Mention is made in the Supreme Court opinion of the fact that the assignment just mentioned figures in some way in a Chancery proceeding. The fact that appellant holds this assignment will not of itself, as we view the matter, bar prosecution of any statutory lien to which he may be entitled. In *Brunetti* v. *Grandi*, 89 *N. J. Eq.* 116, there was a similar situation but the court awarded the lien. So the assignment may be useful in establishing the right to a lien in the present proceeding; but it seems clear that the appellant cannot at the same time pursue the statutory proceeding in the Supreme Court on the one hand, and the enforcement in equity of an equitable assignment on the other. If he wishes to proceed in the Supreme Court, the prosecution of his claim

in equity should at least be stayed by permission of that court; and *vice versa.*

It is urged for the defendant that the rule of November 28th, 1931, dismissing the petition, and which has been under consideration, was not a "final judgment" and hence not appealable at law. But the argument is without substance, because, for the judicial action, we are to look not to the opinion of the court, but to the rule itself. The rule adjudges that "the prayer of the said petition be and it is hereby denied, and that said petition be and it is hereby dismissed, with costs." Obviously that puts an end to the application for determination of the lien, and is in its essence final. Appeal, tantamount to a writ of error, is the proper procedure for review in this court. *Eames* v. *Stiles,* 31 *N. J. L.* 490.

The judgment of the Supreme Court dismissing the petition will be reversed and the record remanded to that court to the end that further proceedings be had on the petition in conformity with the views above expressed.

*For affirmance*—None.

*For reversal*—TRENCHARD, PARKER, CASE, DONGES, BROGAN, VAN BUSKIRK, KAYS, DEAR, WELLS, KERNEY, JJ. 10.