EMANUEL ARTALE AND MAMIE ARTALE, HIS WIFE, PLAINTIFFS, v. COLUMBIA INSURANCE COMPANY, A CORPORATION, DEFENDANT.

Argued January 17, 1933—Decided July 28, 1933.

Before Justices TRENCHARD, CASE and BROGAN.

For the defendant, *Arthur T. Vanderbilt.*

For the plaintiffs, *Joseph T. Lieblich.*

PER CURIAM.

Motion is made by Joseph T. Lieblich, a counselor-at-law of this state, appearing *pro se,* for leave to file a petition in conformity with chapter 201 of the laws of 1914, to determine the amount, if any, due him on an attorney's lien. He prays a rule that the matter be referred to the Circuit Court judge of Bergen county to determine the amount due him under such lien.

In the record before us, it appears that Mr. Lieblich had served this petition upon his own clients, who were plaintiffs in the case in which he represented them (Emanuel Artale and Mamie Artale, his wife, plaintiffs, *v.* Columbia Insurance Company, defendant) ; that the defendant, Columbia Insurance Company, a corporation, had initiated a proceeding in equity, the character of which does not appear in the state of case before us.

It also appears that an order was made by the chancellor, on the advice of Vice-Chancellor Backes, that the said defendant, Joseph T. Lieblich, "be and he hereby is granted leave to file a counter-claim for the determination of the existence and *quantum* of an attorney's lien and that the defendant, Joseph T. Lieblich, be and he hereby is restrained from proceeding in the New Jersey Supreme Court with a petition seeking the determination of the existence and *quantum* of an attorney's lien."

To determine the validity and amount due of an attorney's lien, proceeding may be had either at law or in equity, the proper practice being set out in an opinion by Mr. Justice Parker, speaking for the Court of Errors and Appeals, in a case between these same parties. *Artale* v. *Columbia Insurance Co.,* 109 *N. J. L.* 463; 162 *Atl. Rep.* 585.

If the parties be willing, and the consent of Vice-Chancellor Backes obtained, to whom, apparently, reference of the equity proceeding, mentioned above, was made, an order may

be entered referring this matter, in accordance with the rules of this court, to the said Circuit Court judge of Bergen county, as prayed, in order that the several questions raised by the petition may be determined by the court either with or without a jury as the parties may elect. Otherwise the present rule will be discharged so that this matter may be heard and determined by the Vice-Chancellor having jurisdiction, in accordance with the practice of that court.