NICHOLAS DiFURIA, APPELLANT, v. HARRY ARNOUL, RESPONDENT.

Argued October 2, 1934—Decided March 9, 1935.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Herbert A. Kuvin.*

For the respondent, *McCarter & English.*

LLOYD, J.   The appeal in this case is from the dismissal by the judge of the East Orange District Court of a rule to show cause why the lien of Perry Belfatto, an attorney-at-law, for professional services, costs and disbursements in a cause should not be appropriately enforced.   The rule to show cause was based on Belfatto's petition that the court adjudge and determine how much he was entitled to receive for services rendered and expenses incurred, what lien he was entitled to, and that his lien be appropriately enforced in accordance with the Attorneys' Lien act.

No answer seems to have been filed to the petition, but on the return day of the rule the parties appeared, an insurance company apparently interested in the outcome, appearing specially.   At the inception of the hearing counsel representing Mr. Belfatto stated that it was an application for the framing of an issue under the Attorneys' Lien act, and started to state the facts.   Counsel for the defendant objected and stated that the parties were there on the return of the rule to show cause and the facts must be proved, to which the court replied, "all right, you can produce somebody and swear him."   Then follow twenty-eight pages of typewritten testi-

mony in which Belfatto assumed the laboring oar and told the story of how he had been employed, how he was dissatisfied with his client's conduct, and how he had refused to proceed further with the case. Against this testimony was that of the other parties to the rule indicating that Belfatto had abandoned the case and refused to proceed further with it. At the conclusion of the hearing both sides rested, Mr. Congleton for the plaintiff saying, "that is our case."

Then followed this colloquy:

The court—"Both sides rest." Mr. Kuvin—"With the exception that I would like to produce that record to attack his credibility." The court—"No, no." Mr. Kuvin—"Then I rest." The court—"Do you want to submit?" Mr. Kuvin —"I am willing to submit." The court—"Submit *in toto?*" Mr. Kuvin—"Submit *in toto* with the exhibits."

There is no appeal on the ground that the finding of the court on the testimony was erroneous or that the evidence did not fully justify its finding, but that as one of procedure, there should have been a framing of the issue, and that the trial on the merits should take place at a later date, either with or without a jury as the parties might require.

It seems to us that the appeal is without merit. The proceeding by petition was in accordance with the ruling of the Court of Errors and Appeals in *Artale* v. *Columbia Insurance Co.,* 109 *N. J. L.* 463; 162 *Atl. Rep.* 585, and it is important to remember the prayers of the petition in the case, which were that the court would determine the amount due petitioner, what lien he was entitled to and that the lien be appropriately enforced. To this petition normally an answer would be filed, but the court proceeded upon the prayer of the petition itself and issued a rule to show cause. Appellant accepted this method of procedure, caused his rule to be served, and on the return day of the rule offered his proofs *in extenso* in support of his claim, counsel for the plaintiff meeting the issue with proofs to the contrary. We think this was a waiver of an answer as well as the framing of an issue, which in an earlier stage had been requested.

Colloquy at the conclusion of the case establishes clearly that the parties were trying the question on its merits and

not merely offering testimony to settle the question of pleading or practice. After the case was closed the court said: "Considering the testimony in this case and the exhibits, the court feels that Mr. Belfatto has not sustained his right to an attorney's lien; that by his own actions he led the parties to believe that he was no longer in the case. Therefore, the rule to show cause will be dismissed." Mr. Kuvin— "Excepted to ruling in that respect."

There is nothing here to indicate that counsel was dissatisfied with the procedure or that the case was not properly before the court in its entirety, but simply that the court's ruling on the merits was excepted to, and as already said this point is neither presented in the specifications nor argued in the brief.

The order dismissing the rule is affirmed.