F. ELMER NIEBUHR, PLAINTIFF-APPELLEE, v. OTTO SASSADECK, DEFENDANT-APPELLANT.

Argued January 19, 1937—Decided March 23, 1937.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendant-appellant, *Gaetano M. Belfatto*.

For the plaintiff-appellee, *Salvatore Muti*.

PER CURIAM.

The defendant below appeals from a judgment for the plaintiff entered by the trial judge sitting without a jury.

The action was brought by the plaintiff, an attorney-at-law, to recover the sum alleged to be due on a certain agreement in writing whereby the defendant engaged the plaintiff as his attorney to prosecute *or adjust* a claim for damages arising out of an automobile accident and agreed therein to pay the plaintiff one-third of any verdict or *settlement*.

The plaintiff in his state of demand expressly waived any amount over and above the sum of $500.

The state of the case discloses that the parties being unable to agree upon the state of the case, they applied to the trial

judge to settle it, and the case as so settled requires an examination of the propriety of the denial of the motion to nonsuit.

Now it seems clear that the motion was properly denied. The motion was rested upon grounds now to be considered: First, because no itemized bill for services had been served by plaintiff on the defendant. We think no itemized bill was necessary, since the suit was brought upon written contract in which the compensation was fixed and for which a bill was rendered. The second reason for nonsuit stated was delay by plaintiff in beginning suit on defendant's claim. This is disposed of by the findings of the judge. He found, among other things "that the agreement above referred to was entered into between plaintiff and defendant, and that same was enforceable and binding upon defendant, having, in no way taken any unfair or improper advantage of defendant. In fact no such claim was made by defendant at the trial;" that "plaintiff, in pursuance of his duties under said contract, communicated with the insurance company insuring the person charged with negligence causing defendant's injuries, saw the doctors who were treating defendant for the claimed injuries and obtained statements from them, saw the said insurance company's adjuster, having three or four conferences, one of which was in New York City, and examined the injured hospital records;" that "plaintiff obtained from said insurance company, an offer to settle defendant's said claim for $2,000 which offer was communicated to and accepted by defendant. Before consummating said settlement and within a day or two after defendant agreed to accept said offer, plaintiff was discharged by the defendant without any justifiable legal cause and that the said discharge constituted a breach, prevented plaintiff from receiving his attorney's fee of one-third of the sum for which defendant had agreed to settle his claim and amounting to the sum of $666.66;" that "the delay, if any, in starting said suit was caused by the pendency of settlement negotiations." The third ground alleged for nonsuit was that "defendant had not received any money or made any settlement of his said claim." But as we have pointed out the trial judge found that plain-

tiff obtained an offer of settlement of $2,000 which offer was communicated to and accepted by the defendant, and that within a day or two thereafter he discharged the plaintiff without justifiable or legal cause. If thereafter the defendant received no money (with respect to which matter the record is silent) that was no concern of the plaintiff after he had been discharged. The fourth ground is "that the amount of plaintiff's claim was in excess of five hundred dollars." But we have pointed out that the excess was expressly waived. The fifth ground for nonsuit was that "plaintiff's said suit should have been on a *quantum meruit.*" The answer to this is that it was certainly open to the plaintiff to treat the contract as continuing, although broken by the defendant, and sue for damages for its breach (6 *C. J.* 724) and this the plaintiff elected to do and did.

Upon the whole we find that the motion for nonsuit was properly denied.

The defendant argues that the court erred in denying a motion for adjournment after the decision had been announced. But, at most, that matter rested in the discretion of the judge, and, certainly here there was no abuse of discretion.

He argues that the state of demand did not disclose a cause of action. We think that it certainly did.

He further seems to argue that some of the findings of facts were not justified by evidence. But the rule is that facts found by the trial judge are presumed to rest upon competent proof, and will be accepted by the reviewing court, where, as here, nothing appears to the contrary.

The judgment will be affirmed, with costs.