Defendant Sassadeck, having been struck by an automobile driven by one Mrs. Rasmussen, engaged the defendant Niebuhr, an attorney-at-law, to prosecute and adjust his claim for damages and agreed that the attorney should retain for his services one-third of any verdict or settlement. Niebuhr, as Sassadeck's lawyer, began suit against Mr. and Mrs. Rasmussen in the Essex circuit court and then, three weeks later, consented to the substitution of another attorney for Sassadeck, but reserved his right of lien under Rev. Stat. 2:20-7. In the fall of 1936, complainant, as insurer of the Rasmussens, agreed upon a settlement of the damage suit for $7,500, paid Sassadeck $6,400 of this sum and retained $1,100 to meet possible liens of Niebuhr and other attorneys and of a hospital.
Meanwhile, August 20th, 1936, Niebuhr recovered in the district court of the second judicial district of Essex county judgment against Sassadeck for $529, based on the contract *Page 374 
of retainer already mentioned. Judgment was affirmed. Niebuhr
v. Sassadeck, 15 N.J. Mis. R. 285; 190 Atl. Rep. 783;120 N.J. Law 183.
Complainant filed this bill of interpleader and paid into court $1,100, the sum retained on the settlement of the damage suit. The claim of the hospital has since been satisfied out of the fund and the other defendants, except Niebuhr and Sassadeck, have disclaimed. Both claimants have proceeded on the assumption that their rights are as if the Rasmussens were complainants instead of the insurance company.
It is, of course, clear that Sassadeck is indebted to Niebuhr for $529; so much is established by his judgment. But that is not enough to entitle Niebuhr to a decree in his favor. It must appear that he has title or lien, be it legal or equitable, to or upon the fund in court.
At common law, an attorney has two liens: one general, the other special. His general lien is his right to retain possession of documents and other property of his client until he is paid whatever is due him for professional services. His special or charging lien arises only when judgment in favor of his client is entered; the lien is a charge against the judgment for services in that particular suit or cause of action. Delaney v.Husband, 64 N.J. Law 275. Neither of these liens is available to Niebuhr for he has never had possession of the fund in court and so cannot enforce his general lien against it; and the suit which resulted in the fund was settled and not pressed to judgment and hence he has no charging lien.
Niebuhr argues that the agreement for a contingent fee gave him an equitable lien on the money realized. Whether such an agreement has that effect depends on the terms of the contract and the particular circumstances of the case. Weller v. JerseyCity, c., Street Railway Co., 66 N.J. Eq. 11; 68 N.J. Eq. 659;Wilson v. Seeber, 72 N.J. Eq. 523; Metropolitan Life InsuranceCo. v. Poliakoff, 123 N.J. Eq. 524. I pass over this question since I am satisfied that Niebuhr has a lien by statute, Rev.Stat. 2:20-7. *Page 375 
It has been held that an attorney's action on the statute to recover his fee from his client's opponent, after settlement of the principal suit, must be prosecuted on petition in the court in which the principal suit was pending. "Inasmuch as the proceeding is purely statutory, the plaintiff being without remedy except by the provisions of the statute, he is obliged to go to the forum designated by the statute." Simon v. GlobeIndemnity Co., 9 N.J. Mis. R. 392; 154 Atl. Rep. 238. But when there is brought into chancery for distribution a fund on which an attorney claims the statutory lien for services in another court, chancery has jurisdiction to determine the validity of the claim and to enforce the lien by payment out of the fund.Brunetti v. Grandi, 89 N.J. Eq. 116; Cicalese v. Fortunato,92 N.J. Eq. 329; Columbia Life Insurance Co. v. Artale,112 N.J. Eq. 505; 114 N.J. Eq. 268; Artale v. Columbia LifeInsurance Co., 11 N.J. Mis. R. 692; 167 Atl. Rep. 738. The rule is the same with respect to mechanics' liens. RiversideApartment Corp. v. Capitol Construction Co., 107 N.J. Eq. 405,420; 110 N.J. Eq. 67.
What effect on Niebuhr's claim has his district court judgment? The first inquiry is whether the cause of action which was reduced to judgment is the one for which the statute gives a lien. The state of demand in the district court is not very clear but I am aided in its interpretation by the opinion on the appeal from the judgment. It appears that the district court judgment was rendered for legal services in connection with the same cause of action on which Niebuhr as Sassadeck's attorney, instituted suit; that most of the services preceded the bringing of the suit, and that the judgment was for the sum due under the contract of retainer.
The statute provides that "after the service of a summons and complaint in any action at law," the plaintiff's attorney "shall have a lien for compensation upon his client's cause of action." The amount of compensation for which a lien is given, is determined on principles which usually govern the amount due for services rendered. Where the parties have not *Page 376 
agreed upon the fee, the fair value of the services is allowed; where the amount is fixed by a valid contract, the lien secures compensation in accordance with the contract. Seaman v. Mann,114 N.J. Eq. 408. The statutory lien does not arise until the action at law is begun, but in my opinion it secures compensation for services of the attorney under his retainer, in respect to the particular cause of action, performed before the suit was started as well as afterward.
I conclude that Niebuhr's judgment is for the same debt as that for which the statute gave him a lien upon Sassadeck's cause of action and upon the fund which has been deposited in the present suit.
A final judgment merges the cause of action on which it is based. Coles v. McKenna, 80 N.J. Law 48. From this, Sassadeck argues that Niebuhr's claim for legal services has been extinguished; that he has only his judgment and that as judgment creditor he has no lien on the fund. The doctrine of merger arises out of the quality of a judgment which renders it conclusive; to permit a second suit on the original cause of action would be treating it as still open to controversy.Barnes v. Gibbs, 31 N.J. Law 317; Mutual Fire Insurance Co.
v. Newton, 50 N.J. Law 571, 577. The doctrine of merger is not pushed to extremes. "The essential nature and real foundation of a cause of action are not changed by recovering judgment upon it." Wisconsin v. Pelican Insurance Co., 127 U.S. 265;8 Sup. Ct. 1370; Minzesheimer v. Doolittle, 60 N.J. Eq. 394. "The judgment will be construed as a new form of the old debt when justice and equity require. The incident of the old debt will be carried forward to prevent the inequitable destruction of a right, privilege or exemption." Cutler Hardware Co. v. Hecker
(C.C.A.), 238 Fed. Rep. 146. Judgment on a mortgage bond does not extinguish the old debt or operate as a waiver of the lien, or impair the security of the mortgage. Flanagan v. Westcott,11 N.J. Eq. 264; Lanahan v. Lawton, 50 N.J. Eq. 276. Reduction of a debt to judgment does not deprive the creditor of his right to resort to a fund or *Page 377 
security. Graves v. Coutant, 31 N.J. Eq. 763, 780; SecondNational Bank v. Townsend (Ind.), 17 N.E. Rep. 116; Murphy
v. Manning, 134 Mass. 138. For the rule applied to pledges, see49 C.J. 940. Niebuhr's judgment does not impair his statutory lien. On the contrary it settles the amount due thereon.
The judgment includes taxed costs in the three law courts and carries interest. Niebuhr's lien, in my opinion, covers these items. Interest is an incident of and an integral part of the debt. Likewise with the costs. The judgment for damages or debt and costs is an entirety; the costs are merely an item going to make up the amount adjudged the plaintiff on his cause of action.
Lastly, Sassadeck argues that before resorting to his lien, Niebuhr must first exhaust his remedies on his judgment and on the appeal bond which has been filed in the district court. The rule is otherwise. Ferraro v. City Hall Garage,94 N.J. Law 209.
Let Niebuhr be paid the amount of his judgment with interest and also costs in the present suit; any balance of the fund in court to be paid Sassadeck. *Page 378