This is an interpleader, over the sum of $5,000, which is one-half of the brokerage commission payable by the complainant upon the sale of its property to the Continental Can Company. The money has been paid into court and the complainant discharged by a consent decree. The other half of the commission was paid by complainant to defendant David T. Houston Company. The Houston Company claims the fund in court and so does the defendant Louis Schlesinger, Inc.
In March, 1943, Houston got from complainant an agreement for a commission if it produced a buyer. It did produce the Can Company; complainant entered into the contract to sell the property and the conveyance was duly made. Houston is primafacie entitled to the whole commission, including the part paid into court. Schlesinger presented evidence of a usage of real estate brokers, that when a broker who has property listed with him, furnishes information concerning it to another broker who then effects the sale, the two are considered co-brokers and generally divide the commission between them. He proved a series of facts to bring the case within this usage and contends that thereby Houston became obligated to pay him a share of the commission.
But even if Houston is indebted to Schlesinger, still the decree must be in favor of Houston for he is the owner of *Page 119 
the fund in court. To entitle Schlesinger to a decree, he must have a title or lien, be it legal or equitable, in the fund.American Automobile Insurance Co. v. Niebuhr, 124 N.J. Eq. 372.
Otherwise, the butcher or the baker, or any creditor of Houston may claim the fund. Schlesinger shows at most an implied promise by Houston to pay him one-half of whatever sum Houston would receive as commission. "But it is also established that an agreement to pay out of a particular fund, does not operate as an assignment because it implies that the covenantor is to retain control over the fund and that more remains to be done on his part to make the transfer effectual." Metropolitan LifeInsurance Co. v. Poliakoff, 123 N.J. Eq. 524.
 Decree for Houston Company. *Page 120