**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3668-17T1

SUN YOUNG KIM,

     Plaintiff,

v.

WAL-MART STORES, INC.,

     Defendant.

_____

IN THE MATTER OF ANDREW
PARK, PC,

     Appellant.

_____

Argued February 28, 2019 – Decided March 28, 2019

Before Judges Simonelli and Firko.

On appeal from Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-2203-15.

David M. Wasserman argued the cause for pro se appellant.

Pasha Razi argued the cause for pro se respondent Jae Lee Law, PC.

PER CURIAM

Appellant Andrew Park, PC (Park) substituted as counsel for plaintiff Sun Yong Kim during a personal injury matter. Park appeals from the March 16, 2018 Law Division order, which denied its motion for reconsideration of the January 18, 2018 order awarding plaintiff's prior counsel, respondent Jae Lee Law, PC (Lee), two-thirds of the one-third legal fee on a $125,000 settlement, plus interest and costs. We reverse and remand for further proceedings.

Plaintiff retained Lee on a contingency basis to represent her with regard to injuries she allegedly sustained from a slip-and-fall at the premises of defendant Wal-Mart Stores, Inc. (Wal-Mart). Lee filed a complaint against Wal-Mart on May 21, 2015, and claimed it represented plaintiff for over a year and seven months, during which it conducted an investigation and engaged in discovery. Lee eventually procured a $125,000 settlement offer.

On October 17, 2016, plaintiff notified Lee that she was discharging the firm and had retained Park to represent her in this matter. In an October 25, 2016 letter to Park, Lee stated as follows:

> This letter will serve to confirm that your firm acknowledged our lien for services rendered to [plaintiff] and you agree that all attorney's fees shall be held in escrow pending an apportionment hearing before a Superior Court [j]udge or unless your firm and my firm reach an amicable apportionment agreement.

In a January 5, 2017 letter to the court, Lee stated it had procured a $125,000 settlement and "asserts a lien for the legal fees commensurate with the entire settlement offer of $125,000 since [Park's] office contributed no legal services in the obtaining of that offer." In a March 23, 2017 letter to Park and Wal-Mart's counsel, Lee stated it was "entitled to the entire attorney's fee attributable to [the $125,000] offer of settlement, and this letter shall confirm that [Lee] asserts a lien for the full attorney fee up to that amount." Lee did not send any of these letters to plaintiff and did not attach its retainer agreement with her.

The record does not reveal whether plaintiff rejected the settlement offer; however, it shows that on November 17, 2016, Wal-Mart filed a motion for summary judgment. Lee prepared opposition, as Park had not been substituted as counsel for plaintiff. The circumstances of Park's delayed substitution are the subject of much dispute. Park claims that Lee refused to sign a necessary certification and sent letters to plaintiff and the court, blaming Park for the delay. Nevertheless, on January 20, 2017, after a hearing, the court substituted Park as counsel for plaintiff.

In a February 2, 2017 order, the trial court granted summary judgment to Wal-Mart and dismissed the complaint with prejudice. Park and Lee dispute who was responsible for this result. Park argues on appeal that it was forced to

present a weak theory of liability in opposition to summary judgment, i.e., inferred negligence and constructive knowledge by way of only circumstantial evidence, because Lee failed to conduct meaningful discovery, such as deposing defendant's employees, to establish actual knowledge of the liquid that allegedly caused plaintiff's fall. Conversely, Lee argues that Park disavowed its theory of liability espoused in its opposition to summary judgment, and it was that theory under which Lee had obtained the settlement offer.

In any event, Wal-Mart withdrew its settlement offer after its victory. Park subsequently filed an appeal of the February 3, 2017 order. Thereafter, Park re-entered settlement negotiations with Wal-Mart. On June 6, 2017, the matter settled for $125,000.

On October 6, 2017, Lee filed a motion for an award of attorney's fees of one-third of the $125,000 settlement based on quantum meruit, plus interest and costs. Lee did not serve plaintiff with the motion. Park opposed the motion, arguing Lee was not entitled to a quantum meruit fee because of its conduct in this case, and Lee failed to file a certification of services.

The court denied the motion on the papers and entered an order on November 17, 2017, awarding Lee two-thirds of the one-third fee on the $125,000 settlement, plus interest and costs. The court found as follows:

4

> Movant's response violates [Rule] 1:4-6. Movant is entitled to [two-thirds] of the [one-third] of the legal fee on the settlement amount of $125,000. The [c]ourt finds [Lee] represented plaintiff and secured a settlement amount. During the period of time in which [Lee] represented the plaintiff, the case was dismissed. [Lee is] entitled to "as much as they deserve." LaMantia [v. Durst,] 234 N.J. Super. 534, 537 (App. Div. 1989).[1]

The court did not award a specific amount for interest and costs and gave no reason for this award.

On February 15, 2018, Park filed a motion for reconsideration, arguing the court failed to conduct a quantum meruit analysis and Lee was not entitled to interest and costs. The court denied the motion on the papers and entered an order on March 16, 2018, finding as follows:

> Movant's response violates [Rule] 1:4-9. Movant failed to specify how th[e] [c]ourt based its decision on [p]alpably incorrect or irrational basis or did not consider or failed to appreciate the significance of probative [or] [competent] evidence. Movant reargues points made during the original motion.

This appeal followed.

---

[1] On January 19, 2018, the court entered an order amending the November 17, 2017 order to correct the name of Park. The amended order contains the same statement of reasons.

As a threshold matter, we note that Park did not argue before the trial court, as it does on appeal, that N.J.S.A. 2A:13-5 required a plenary hearing. Generally, we will not consider issues that were not raised before the trial court and are not jurisdictional in nature or substantially implicate the public interest. Zaman v. Felton, 219 N.J. 199, 226-27 (2014). Nevertheless, we consider whether N.J.S.A. 2A:13-5 governs.

N.J.S.A. 2A:13-5 provides as follows:

> After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report, decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

There must be a specific notice of intent to rely on N.J.S.A. 2A:13-5. Martin v. Martin, 335 N.J. Super. 212, 224 (App. Div. 2000). As we have held:

6

A letter to the client, court, and substituting counsel would suffice as would properly worded language on or attached to the written substitution of attorney. The notice should be as specific as possible. It should set out the intent to rely upon N.J.S.A. 2A:13–5, the amount of fees being sought, the retainer agreement with the client, and the basis of the fee calculation. It is at this point that pre-action notice, pursuant to [Rule] 1:20A–6, should be given to the former client so that if arbitration is requested it can be initiated expeditiously.

[Ibid.]

"Notice must also be given of the right to fee arbitration pursuant to [Rule] 1:20A-6 if it has not previously been given." Id. at 225.

In addition to notice, H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347, 353-54 (App. Div. 1959) sets forth the procedures to be followed to effectuate a lien under N.J.S.A. 2A:13-5:

For the guidance of counsel in connection with future applications, consistent with the spirit of our present rules of practice, we suggest that, where the determination or enforcement of an attorney's lien is sought, the following procedure, patterned on Artale[v. Columbia Ins. Co., 109 N.J.L. 463, 467-468 (E. & A. 1932)], be employed: The attorney should make application to the court, as a step in the proceeding of the main cause, by way of petition, which shall set forth the facts upon which he relies for the determination and enforcement of his alleged lien. The petition shall as well request the court to establish a schedule for further proceedings which shall include time limitations for the filing of an answer by defendants, the completion of pretrial discovery proceedings, the holding of a pretrial

7

conference, and the trial. The court shall, by order, set a short day upon which it will consider the application for the establishment of a schedule. A copy of such order, together with a copy of the petition, shall be served upon defendants as directed by the court. The matter should thereafter proceed as a plenary suit and be tried either with or without a jury, in the Law Division, depending upon whether demand therefor has been made . . . or without a jury if the venue of the main cause is laid in the Chancery Division. In no event should the matter be tried as a summary proceeding.

Thus, an attorney seeking to enforce an attorney's lien under N.J.S.A. 2A:13-5 must file a separate petition in the underlying action. "[S]imply moving for an attorney's lien pursuant to N.J.S.A. 2A:13-5, as distinguished from filing a complaint demanding a fee, is not the proper way to establish an attorney's lien." Martin, 335 N.J. Super. at 223. The attorney must "initiate an action for fees on notice to the client and all other attorney claiming or potentially claiming rights to fee awards." Id. at 225.

Here, Lee gave no notice to plaintiff of its intent to rely on N.J.S.A. 2A:13-5, and plaintiff's right to fee arbitration. Id. at 224-25. Lee never even notified plaintiff of its motion for an award of attorney's fees. In addition, Lee's letters to Park and the court did not provide specific notice of Lee's intent to rely on N.J.S.A. 2A:13-5, or provide the retainer agreement with the plaintiff and the basis of the fee calculation. Id. at 224.

Further, Lee did not comply with the procedural requirements to effectuate the lien. Lee did not file a separate petition to enforce the statutory lien. Id. at 233; H. & H. Ranch Homes, Inc., 54 N.J. Super. at 353-54. Accordingly, N.J.S.A. 2A:13-5 does not govern because Lee did not establish a lien under the statute. It is perhaps for this reason that Lee sought an attorney fee award based on quantum meruit. Thus, we address whether the court erred in failing to conduct a quantum meruit analysis and provide sufficient findings of fact and conclusions of law for its award.

We have provided guidelines as to the relevant factors for the trial court to consider in determining quantum meruit awards as between predecessor and successor law firms:

> Trial courts should consider the length of time each of the firms spent on the case relative to the total amount of time expended to conclude the client's case. The quality of that representation is also relevant. Therefore, the result of each firm's efforts as well as the reason the client changed attorneys are factors to be considered. Viability of the claim at transfer also bears upon the value of a former firm's contribution-if the case was initially speculative but concrete by the time the cause of action moved to the second firm, that factor should bear upon the distribution. The amount of the recovery realized in the underlying lawsuit also impacts upon the quantum meruit valuation. It is also necessary to examine any pre-existing partnership agreements between the members of the firms who now compete for a percentage of the contingency fee.

A-3668-17T1

[LaMantia, 234 N.J. Super. at 540-41 (citations omitted).]

The court here did not engage in this analysis, but rather, gave a cursory explanation for the award of attorney's fees to Lee and denial of reconsideration, and no explanation for the award of costs and interest. Procedurally, the court's minimal findings are an abrogation of its duty "to make findings of fact and to state reasons in support of [its] conclusions." Giarusso v. Giarusso, 455 N.J. Super. 42, 53 (App. Div. 2019) (quoting Heinl v. Heinl, 287 N.J. Super. 337, 347 (App. Div. 1996) (citing R. 1:7-4)). "Meaningful appellate review is inhibited unless the judge sets forth the reasons for his or her opinion." Ibid. (quoting Strahan v. Strahan, 402 N.J. Super. 298, 310 (App. Div. 2008)). "Naked conclusions do not satisfy the purpose of [Rule] 1:7-4." Id. at 54 (alteration in original) (quoting Curtis v. Finneran, 83 N.J. 563, 570 (1980)).

Substantively, there were many facts in dispute, which the court resolved without a plenary hearing or certifications of services from each side. By merely stating a "naked conclusion" awarding Lee two-thirds of the one-third legal fee on the $125,000 settlement, the court did not meaningfully delve into the factors set forth in LaMantia. The court's failure to explain its award of interest and costs or reconsider the award compounds this error. Accordingly, we reverse and remand for a plenary hearing to determine Lee's quantum meruit claim. On

10

remand, the parties shall submit certifications of services along with supporting documents.

Reversed and remanded for further proceedings consistent with opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION