**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3633-20

CLAUDIA A. DELGADO
and VALERIA VENTURELLI,

     Plaintiffs,

v.

LISA J. YOURMAN-HELBIG,

     Defendant-Respondent,

and

TRAVELERS INSURANCE
COMPANY,

     Defendant.

_____

IN THE MATTER OF JAMES C.
MESCALL and MESCALL &
ACOSTA, LLC,

     Appellants.

_____

Argued June 8, 2022 – Decided July 13, 2022

Before Judges Hoffman, Whipple, and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-6263-18.

Maximilian J. Mescall argued the cause for appellants James C. Mescall and Mescall & Acosta, PC (Mescall Law, PC, attorneys; Maximilian J. Mescall, of counsel and on the briefs).

Peter A. Wojcik argued the cause for respondent Lisa J. Yourman-Helbig (Harwood Lloyd, LLC, attorneys; David T. Robertson, of counsel and on the brief).

Carlos H. Acosta, Jr., argued the cause for respondent Law Offices of Carlos H. Acosta, Jr., LLC.

PER CURIAM

This case involves a dispute between the former partners and equity shareholders of the law firm Mescall & Acosta, PC – appellant James C. Mescall and respondent Carlos H. Acosta, Jr. – concerning the percentage of attorney's fees to be shared between the two partners. In mid-2020, a dispute arose between Mescall and Acosta regarding Acosta's alleged mishandling of dozens of cases. Mescall and Acosta eventually resolved their dispute on January 15, 2021, when they entered into a Final Settlement Agreement (FSA). The FSA retroactively deemed Mescall and Acosta to have separated as of January 1, 2021, and provided that, for cases settled in 2020, Mescall would receive eighty

percent of attorney's fees, and for cases settled in 2021, Mescall would receive thirty-five percent of attorney's fees.

On June 23, 2022, Mescall filed a motion to enforce an attorney's lien against Acosta and his law firm (respondents), alleging that Acosta misrepresented the date of settlement in the underlying matter, Delgado v. Yourman-Helbig, and that the matter actually settled in 2020, entitling Mescall to eighty percent of the attorney's fee. The motion judge denied Mescall's application, finding that the case settled in 2021 and that Mescall was properly paid thirty-five percent of the attorney's fee in the case.

On appeal, Mescall seeks reversal, arguing that the motion judge erred by denying his request for oral argument and relying on uncertified and contested factual representations. Mescall further asserts the motion judge engaged in an ex parte communication with respondent Acosta. Because respondents failed to submit an affidavit or certification in support of their proffered facts, as required by Rule 1:6-6, and the motion judge improperly denied Mescall's request for oral argument, contrary to Rule 1:6-2(d), we are constrained to vacate and remand.

## I.

We briefly set forth additional facts relevant to this appeal. On August 28, 2018, Mescall & Acosta, PC filed a personal injury action (the underlying action) on

behalf of plaintiffs Claudio A. Delgado and Valeria Venturelli against defendant Lisa J. Yourman-Helbig.  On December 3, 2020, the underlying action proceeded to court-mandated arbitration, pursuant to Rule 4:21A-6, where an arbitrator found that plaintiffs "sustained permanent injuries," that defendant was 100 percent liable, and awarded damages of $17,500 to Delgado and $30,000 to Venturelli.  Within thirty days of the arbitration award, none of the parties requested a trial de novo, under Rule 4:21A-6(b)(1), nor did the parties submit a consent order, under Rule 4:21A-6(b)(3).  At some point, defendants' insurer, GEICO, settled the underlying action with Acosta; on January 13, 2021, GEICO sent letters to Acosta confirming the settlement.  A notice of settlement was uploaded to E-Courts on January 18, 2021.

On January 16, 2021, Acosta filed a substitution of attorney substituting the Law Offices of Carlos H. Acosta, Jr., LLC, as attorney for plaintiffs, in place of Mescall & Acosta, P.C.

On January 18, 2021, Mescall filed a Notice of Attorney's Lien in connection with the underlying action, pursuant to N.J.S.A. 2A:13-5.  Later that same day, counsel for defendant advised the court "that a settlement has been reached between the parties" and that they were "in the process of exchanging settlement documents."

4

On January 27, 2021, GEICO issued two settlement checks to Acosta: $17,500 for Delgado's claim and $30,000 for Venturelli's claim, the identical amounts awarded at arbitration. On May 3, 2021, defendant's counsel and Acosta executed a stipulation of dismissal with prejudice. The next day, Acosta issued two checks to Mescall representing his thirty-five percent share of the net legal fees: $2,720.43 for the Delgado settlement and $3,298.11 for the Venturelli settlement.

Thereafter, Mescall sent emails to defendant's attorney and the GEICO adjuster to determine whether the case settled in 2020 or 2021. Defendant's attorney and the GEICO adjuster declined to provide any information. Thereafter, Mescall reached out to Acosta requesting the settlement date, but Acosta did not respond. Suspecting that the matter had settled before January 1, 2021, Mescall moved to enforce the attorney's lien "against all parties to this litigation" to collect the additional forty-five percent in fees he maintains he is owed because Acosta failed to pay him the correct fee percentage.

In response to Mescall's motion, Acosta filed a six-page letter brief, without a supporting certification, wherein he set forth his version of the relevant events. Acosta recounted that he scheduled a phone call with defendant's counsel for January 4, 2021. According to Acosta, during that call, defendant's counsel informed respondent that defendant would not be filing a request for a trial de novo and that

A-3633-20

she was not authorized to settle the case for the arbitration award. Acosta further stated that, "on or about January 13, 2021, [GEICO claims adjuster] Erica Sunstein and I agreed to settle this matter for the arbitration awards." In support, Acosta provided an uncertified letter dated January 13, 2021, from GEICO, confirming the settlement.

The motion judge did not hear oral argument, despite requests by the parties. On July 27, 2021, Acosta sent a letter to the motion judge, stating, "Pursuant to Your Honor's request, enclosed please find a proposed form of Order in connection with the pending motion in the above-captioned matter." The order denied all requested relief. Mescall contends the judge's request to Acosta that he submit a proposed form of order, without including Mescall, constituted an ex parte communication in violation of Rule 1:2-1.

On August 10, 2021, the motion judge entered an order and issued a written opinion denying Mescall's motion to enforce his attorney's lien. The judge found that

> the instant matter was not settled prior to January 1, 2021. The instant matter was arbitrated on December 3, 2020. Pursuant to [Rule] 4:21A-6(b)(1)-(3), an order would be entered dismissing the action unless one of the parties: (1) demanded a trial de novo within thirty days; (2) submitted a consent order to the court detailing the terms of settlement and providing for dismissal of the action or for entry or judgment within fifty days; or (3) moved for

6

confirmation of the arbitration award and entry of judgment thereon within fifty days.

Here, while neither party demanded a trial de novo, the parties had until at least January 2, 2021 to demand a trial de novo. The parties had an additional twenty days to come to their own settlement or accept the arbiter's award. The matter was settled on January 13, 2021, as evidenced by the GEICO Indemnity Company letter addressed to Mescall and Acosta, P.C. confirming the settlement.

Pursuant to N.J.S.A. 2A:13-5, Mescall is to file a separate petition for an attorney's lien. Despite this, the Court finds that Acosta paid Mescall the correct percentage based on the Final Settlement Agreement and to have satisfied Mescall's attorney lien in full. As the matter was settled after January 1, 2021, the [c]ourt finds that Acosta paid Mescall the correct percentage according to their [FSA]. For the aforementioned reasons, Mescall's motion to enter judgment is denied.

On appeal, Mescall raises the following arguments:

POINT I

THIS APPEAL SHOULD BE REMANDED BECAUSE THE JUDGE MADE FINDINGS OF FACT BASED ON CONTESTED, UNCERTIFIED REPRESENTATIONS OF AN ATTORNEY CONTRARY TO RULE 1:6-6.

POINT II

THIS APPEAL SHOULD BE REMANDED BECAUSE THE JUDGE DID NOT GRANT ORAL ARGUMENT IN THIS MATTER DESPITE RULE 1:6-2(b) REQUIRING AND ALL THREE PARTIES REQUESTING SAME.

POINT III

WHEN THIS CASE IS REMANDED, IT SHOULD BE SENT TO ANOTHER JUDGE BECAUSE THE COURT ENGAGED IN EX PARTE COMMUNICATIONS AND COMMITTED NUMEROUS PROCEDURAL ERRORS WHEN DECIDING THE MOTION.

II.

We defer to the trial judge's factual findings so long as they are supported by sufficient credible evidence. State v. Mohammed, 226 N.J. 71, 88 (2016). We review the trial court's legal interpretations de novo. State v. Hathaway, 222 N.J. 453, 467 (2015).

Attorney's Lien Petition

As a threshold matter, the motion judge found that Mescall failed to file a separate petition for an attorney's lien. In addition, respondents argue that Mescall's failure to file a petition should result in a denial of this appeal.

N.J.S.A. 2A:13-5, commonly known as the "Attorney's Lien Act," provides, in pertinent part:

> After the filing of a complaint or third-party complaint or the service of a pleading containing a counterclaim or cross-claim, the attorney or counsellor at law, who shall appear in the cause for the party instituting the action or maintaining the third-party claim or counterclaim or cross-claim, shall have a lien for compensation, upon his client's action, cause of action, claim or counterclaim or cross-claim, which shall contain and attach to a verdict, report,

8

decision, award, judgment or final order in his client's favor, and the proceeds thereof in whosesoever hands they may come. The lien shall not be affected by any settlement between the parties before or after judgment or final order, nor by the entry of satisfaction or cancellation of a judgment on the record. The court in which the action or other proceeding is pending, upon the petition of the attorney or counsellor at law, may determine and enforce the lien.

In addition, H. & H. Ranch Homes, Inc. v. Smith, 54 N.J. Super. 347 (App. Div. 1959), sets forth the procedure to be followed to effectuate a lien under N.J.S.A. 2A:13-5:

For the guidance of counsel in connection with future applications, consistent with the spirit of our present rules of practice, we suggest that, where the determination or enforcement of an attorney's lien is sought, the following procedure, patterned on Artale[v. Columbia Ins. Co., 109 N.J.L. 463, 467-468 (E. & A. 1932)], be employed: The attorney should make application to the court, as a step in the proceeding of the main cause, by way of petition, which shall set forth the facts upon which he relies for the determination and enforcement of his alleged lien. The petition shall as well request the court to establish a schedule for further proceedings which shall include time limitations for the filing of an answer by defendants, the completion of pretrial discovery proceedings, the holding of a pretrial conference, and the trial. The court shall, by order, set a short day upon which it will consider the application for the establishment of a schedule. A copy of such order, together with a copy of the petition, shall be served upon defendants as directed by the court. The matter should thereafter proceed as a plenary suit and be tried either with or without a jury, in the Law Division, depending upon whether demand therefor has been made

9

. . . or without a jury if the venue of the main cause is laid in the Chancery Division. In no event should the matter be tried as a summary proceeding.

[Id. at 353-4.]

Thus, an attorney seeking to enforce an attorney's lien under N.J.S.A. 2A:13-5 should file a separate petition in the underlying action. "[S]imply moving for an attorney's lien pursuant to N.J.S.A. 2A:13-5, as distinguished from filing a complaint demanding a fee, is not the proper way to establish an attorney's lien." Martin v. Martin, 335 N.J. Super. 212, 223 (App. Div. 2000). The attorney "should initiate an action for fees on notice to the client and all other attorneys claiming or potentially claiming rights to fee awards." Id. at 225.

Notwithstanding the guidance provided by this court in H. & H. Ranch Homes, Inc. and Martin, we note that N.J.S.A. 2A:13-5 is "grounded in equitable principles and was designed to protect attorneys who have represented their former clients competently and with diligence, but have gone unpaid." Musikoff v. Jay Perrino's The Mint, LLC, 172 N.J. 133, 146 (2002); see also Martin, 335 N.J. Super. at 223 ("The lien is rooted in equitable considerations, and its enforcement is within the equitable jurisdiction of the courts.").

While Mescall failed to file a separate petition to enforce his attorney's lien, we reject respondents' argument that this failure mandates denial of this appeal.

A-3633-20

Because N.J.S.A. 2A:13-5 is rooted in equitable principles, we conclude that deciding this appeal on the substantive merits is consistent with the statute's intended goal of "protect[ing] attorneys who have represented their former clients competently and with diligence, but have gone unpaid." Granata v. Broderick, 446 N.J. Super. 449, 466 (App. Div. 2016) (quoting Musikoff, 172 N.J. at 146).

Moreover, Mescall's failure to file a petition did not result in "procedural irregularities," nor has it prejudiced respondents in any way, as respondents do not complain that they lacked notice regarding Mescall's attempt to enforce his attorney's lien. See id. at 468. In light of the equitable spirit of N.J.S.A. 2A:13-5, and based on the fact that no harm resulted from Mescall's failure to file a petition, this procedural error does preclude this appeal.

Uncertified and Contested Factual Representations

Mescall argues that this court should remand this matter because the motion judge made factual findings based on uncertified and contested representations, in violation of Rule 1:6-6. We agree.

Rule 1:6-6 provides that a party must submit an affidavit or certification "if a motion is based on facts not appearing of record, or not judicially noticeable." R. 1:6-6.

> This rule requires that facts not appearing of record or judicially noticeable must be presented to the court by

> affidavit or certification . . . . It is also clear that the mere appending of relevant documents to the motion brief does not constitute compliance with this rule. Such documents must be incorporated by reference in an appropriate affidavit or certification, which properly authenticates material which is otherwise inadmissible.
>
> [Pressler & Verniero, Current N.J. Court Rules, cmt. on R. 1:6-6 (2022).]

Of note, "[t]hese are not merely formal requirements. They go to the heart of procedural due process." Celino v. General Acc. Ins., 211 N.J. Super. 538, 544 (App. Div. 1986). Moreover, "[e]ven more egregious is the attempted presentation of facts which are neither of record, judicially noticeable, nor stipulated, by way of statements of counsel made in supporting briefs, memoranda and oral argument. Such statements do not constitute cognizable facts." Ibid.

Here, respondents failed to submit any affidavits or certifications in support of the factual representations made in their opposition papers. Acosta's assertion that he discussed settlement of the underlying action with defendant's attorney on January 4, 2021, but that the action was not yet settled, is an uncertified and contested representation made in violation of Rule 1:6-6.

In addition, the GEICO letter submitted by respondents likewise amounts to an improper uncertified representation made in violation of Rule 1:6-6 since "the mere appending of relevant documents to the motion brief does not constitute

A-3633-20

compliance with this rule." Pressler & Verniero, cmt. on R. 1:6-6. Notably, although the GEICO letter provides confirmation of the settlement, this does not foreclose the possibility that the matter was previously settled in oral negotiations and only confirmed in writing by GEICO on January 13. See Pascarella v. Bruck, 190 N.J. Super. 118, 123-24 (App. Div. 1983) (finding that an oral settlement agreement constituted an enforceable and binding contract).

In response, respondents argue that the motion judge did not err because the facts were "stipulated by [r]espondents in their opposition papers to [a]ppellant's motion . . . ." This argument lacks merit. A stipulated fact requires agreement between both parties. Absent such agreement, a fact cannot be considered stipulated. The record indicates no stipulation of relevant facts; to the contrary, Mescall clearly disputed many of the representations set forth by Acosta in respondent's opposition brief.

Denial of Oral Argument

Mescall next argues that we should remand this matter because the motion judge impermissibly denied oral argument, without explanation. This argument has merit.

Rule 1:6-2(d) governs oral argument on motions in civil cases and provides that, "a request for oral argument by a party is required to be granted as of right."

13

A-3633-20

Pressler & Verniero, Current N.J. Court Rules, cmt. 5 on R. 1:6-2(d); see also R. 1:6-2(d). However, under the rule, a trial court may decide a motion on the papers when there are no contested facts that would otherwise require an evidentiary hearing. Pressler & Verniero, cmt. 5 on R. 1:6-2(d). If the trial court denies a party's request for oral argument, it should provide a "basis . . . set forth in the record for a relaxation of this rule . . . ." Great Atl. & Pac. Tea Co. v. Checchio, 335 N.J. Super. 495, 497-98 (App. Div. 2000).

We acknowledge that a trial court can dispense with a request for oral argument if "special or unusual circumstances" exist. Filippone v. Lee, 304 N.J. Super. 301, 306 (App. Div. 1997). In addition, where a request for an oral argument is "repetitive, frivolous [or] unsubstantiated," the trial court may at its discretion deny the party's request. Kozak v. Kozak, 280 N.J. Super. 272, 274-76 (Ch. Div. 1994).

Here, the motion judge improperly denied oral argument. As noted, requests for oral argument "shall be granted as of right." R. 1:6-2(d). Moreover, the matter under review involves contested facts, the record does not support the existence of "special or unusual circumstances," and although respondents contend that the judge properly denied Mescall's request on the basis that it was "patently improper" and

14

"frivolous," the judge made no such express findings. Nor does the record support the conclusion that the request for oral argument was frivolous or unsubstantiated.

If the motion judge did in fact deny the request for oral argument because he deemed it frivolous, the judge should have provided a basis for its denial and placed it on the record. See Great Atl. & Pac. Tea Co., 335 N.J. Super. at 498 ("No basis is set forth in the record for a relaxation of [Rule 1:6-2(d)] and we perceive none.")

In sum, the absence of certified and admissible evidence requires us to vacate the motion judge's August 10, 2021 order and remand the matter so that respondents can submit affidavits or certifications in support of their factual representations, thereby providing the motion court with a proper basis to make sufficient factual findings.[1] Moreover, a remand is warranted for the motion judge to hear oral argument, or at minimum, provide a detailed explanation for denying oral argument.

Regarding the assertion the motion engaged in an ex parte communication with Acosta, we find the record inadequate to address this issue. The letter to the motion judge sent by respondents does not reference a direct conversation between

---

[1] Of course, it is quite possible that an evidentiary hearing may be required to resolve one or more critical facts. See R. 1:6-6 ("The court may direst the affiant to submit to cross-examination, or hear the matter wholly or partly on oral testimony or depositions.").

A-3633-20

Acosta and the motion judge. Typically, a request to submit a proposed form of order is transmitted by the judge's clerk or other staff member.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-3633-20